IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ERIK KOPCZYNSKI,                    :
                                    :
          Petitioner               :     CIVIL NO. 3:CV-15-366
                                    :
     v.                            :     (Judge Conaboy)
                                    :
UNITED STATES OF AMERICA,          :
                                    :
          Respondent               :

FILED
SCRANTON

APR 0 9 2015

PER _____ C.R.
DEPUTY CLERK

## MEMORANDUM
### Background

     This <u>pro</u> <u>se</u> petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241 was filed in the United States District Court

for the Eastern District of Pennsylvania by Erik Kopczynski, an

inmate presently confined at the Allenwood Low Security

Correctional Institution, White Deer, Pennsylvania (LSCI-

Allenwood).  Named as Respondent is the United States of

America.[1]  The matter was subsequently transferred to this Court

due to Kopczynski's confinement at LSCI-Allenwood.  Petitioner's

request (Doc. 6) for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be

granted for the sole purpose of the filing of his action with

this Court.

     Kopczynski states that he is presently serving a federal

criminal sentence which was imposed on May 16, 2011 by the

---

     [1] The only properly named Respondent in a federal habeas
corpus action is Petitioner's custodial official, in this case the
Warden at LSCI-Allenwood.  <u>See</u> 28 U.S.C. § 2242.

1

United States District Court for the Western District of New York. See Doc. 1, ¶ 4.  An attachment to the Petition indicates that Kopczynski was convicted of production of child pornography. See Doc. 1-2, p. 1.  Petitioner indicates that he did not file either a direct appeal or pursue a request for relief under 28 U.S.C. § 2255.  Kopczynski adds that he is procedurally time barred from seeking relief under § 2255 but his pending claims can be raised under § 2241. See Doc. 1, ¶ 10(c).

The Petition generally claims entitlement to federal habeas corpus relief on the grounds of "actual innocence of a federal crime."  Doc. 1, ¶ 5.  Petitioner adds that the "[t]he federal government had no jurisdiction over the defendant because defendants [sic] actions did not rise to the definition of the statute used to charge him."[2]  Id. at ¶ 13.  As relief, Petitioner requests that his conviction be reversed and he be released from confinement  See id. at ¶ 14.

## Discussion

### Standard of Review

Habeas corpus petitions are subject to summary dismissal

---

[2]  It appears that Petitioner is contending that there was no evidence that he took photographs of a child for either his own sexual gratification or for profit.  See Doc. 1-2. P. 10.  Rather, Kopczynski claims that he was simply photographing a young child whose habit at the time was to disrobe and run about the house. See id. at p. 9.

pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriquez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the

deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In the present case, Petitioner clearly states that he is attacking the legality of his conviction and sentence which were imposed by the Western District of New York.

When challenging the validity of a federal sentence, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence") A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 2009 WL 1020218, at *2 (3d Cir. Apr. 16, 2009).

Petitioner is clearly challenging the validity of his conviction and sentence which was imposed by the Western District of New York. Thus, he must do so by following the requirements of § 2255. As previously noted, there is no indication that Kopczynski pursued either a direct appeal or a § 2255 motion. Hence, there is no basis for a determination that his § 2255 remedy is inadequate or ineffective.

Furthermore, Petitioner's pending argument is not based upon a contention that his conduct is no longer criminal as a result of some change in the law made retroactive to cases on collateral review. Kopczynski has also not shown that he was unable to present his claim in a § 2255 proceeding or that it is based upon any newly discovered evidence.

As recognized in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of

5

a § 2241 petition, there must not only be "a claim of actual

innocence but a claim of actual innocence coupled with the

inability to have brought the claim before because of a change in

the construction of the criminal statute by a court having the

last word on the proper construction of the statute, which change

rendered what had been thought to be criminal within the ambit of

the statute, no longer criminal."  Clearly, Petitioner has not

shown that he was unable to present his present claim on direct

appeal or in a § 2255 proceeding.  As a result, Kopczynski's

pending argument for relief does not fall within the <u>Dorsainvil</u>

exception.  See <u>Levan v. Sneizek</u>, No. 08-4116, 2009 WL 997442, at

*2 (3d Cir. April 15, 2009); <u>Smith v. Snyder</u>, 48 Fed. Appx. 109,

110-11 (6th Cir. 2002).

　　　　Since § 2255 is not inadequate or ineffective to test the

legality of Petitioner's conviction, his § 2241 petition will be

dismissed without prejudice.  This dismissal does not preclude

Petitioner from filing a § 2255 petition in the Western District

of New York.  An appropriate Order will enter.


RICHARD P. CONABOY
United States District Judge

DATED: APRIL 9th, 2015

6